**CONNECTICUT FUND FOR the ENVIRONMENT and Natural Resources Defense Council, Inc.**

v.

**CONTRACT PLATING COMPANY, INC.**

**Civ. No. H–84–487(JAC).**

United States District Court, D. Connecticut.

April 4, 1986.

See also 623 F.Supp. 207.

---

James Thornton, New York City, Katharine H. Robinson, Hartford, Conn., for plaintiffs.

Thomas W. Witherington, Bridgeport, Conn., for defendant.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

This citizens' suit pursuant to the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("the Act"), is before the court on the defendant's motion to dismiss and the plaintiffs' motion for partial summary judgment.[1]

The Connecticut Fund for the Environment and the Natural Resources Defense Council ("the plaintiffs") have moved for partial summary judgment seeking a declaration that the Contract Plating Company, Inc. ("the defendant") violated the Act on 30 occasions by discharging effluents in excess of the levels authorized by its National Pollution Discharge Elimination System ("NPDES") permit CT0000370 into navigable waters of the United States. *See* Affidavit of James Thornton (filed Aug. 6, 1984), Exhibit D. In addition, the plaintiffs contend that the defendant further violated the Act by failing for a total of 41 months to file discharge monitoring reports ("DMRs") with the Connecticut Department of Environmental Protection as is required by its NPDES permit. *Id.* at ¶ 10. The defendant does not dispute these 71 violations of its NPDES permit but nonetheless contends that this action must be dismissed because a similar action against the defendant has been "diligently prosecuted" by the State of Connecticut.

### Discussion

■ The Act permits citizens affected by a particular source of water pollution to sue in federal district court to enforce "an effluent standard or limitation under this chapter or ... an order issued by the Administrator [of the Environmental Protection Agency ("EPA")] or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1). An "effluent standard or limitation" includes "a permit or condition thereof." 33 U.S.C. § 1365(f). However, the Act provides that

> [n]o action may be commenced ... if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United

---

1. This is one of a number of similar cases brought by the plaintiffs that were transferred to the docket of the undersigned with the consent of the transferor judges and pursuant to an Order of Transfer and Reassignment (entered Aug. 2, 1983 by Chief Judge T.F. Gilroy Daly). The court has previously ruled upon several defenses common to the defendants in all of these actions. For example, the court ruled that the plaintiffs have standing to bring such actions, *see* Certified Official Transcript of Oral Ruling Delivered at a Hearing Held on November 19, 1984 (filed Nov. 26, 1984), and that such actions are governed by the five-year statute of limitations applicable to government suits under the Clean Water Act, *see Connecticut Fund for the Environment, et al. v. The Job Plating Company,* 623 F.Supp. 207, 213 (D.Conn.1985) (*"Job Plating"*). The defendant in this action, while not conceding the correctness of the court's earlier rulings, has not attempted to distinguish this case from *Job Plating* with respect to any of the foregoing issues. Accordingly, the court adopts by reference the reasoning of its rulings in *Job Plating* and addresses in this ruling only those issues of law that were not decided in the earlier case.

States, or a State, to require compliance with the standard, order, or limitation. 33 U.S.C. § 1365(b)(1)(B).

Accordingly, the court must engage in a two-part inquiry to determine whether a defendant is entitled to invoke 33 U.S.C. § 1365(b)(1)(B) to avoid defending a citizens' suit to enforce an effluent standard or limitation imposed pursuant to the Act. First, the court must determine whether any suit by the state (or the EPA Administrator) to enforce the same "standard, order, or limitation" was pending in federal or state court on the date that the citizens' suit was commenced. Second, if the answer to the previous question is affirmative, the court must also determine whether the prior pending action was being "diligently prosecuted" by the state at the time that the citizens' suit was filed.

The court must be guided in this inquiry by the purpose underlying the "diligent prosecution" provision: that a defendant not be subjected simultaneously to multiple suits, and potentially to conflicting court orders, to enforce the same statutory standards. *See Friends of the Earth v. Consolidated Rail Corporation*, 768 F.2d 57, 63 (2d Cir.1985) (observing that the "diligent prosecution" requirement was designed to avert the "obvious danger that unlimited public actions might disrupt the implementation of the act and overburden the courts").

In most cases, the court may rely primarily on a comparison of the pleadings filed in the two actions to determine whether the state and the citizen plaintiffs seek "to require compliance with the [same] standard, order or limitation." It was surely not the intent of Congress to "overburden the courts" and the parties by requiring prolonged litigation over the similarities between the state's suit and the citizens' suit before the latter could be dismissed.

Similarly, in determining whether the state was "diligently prosecuting" a prior pending action against the defendant, the court may rely primarily on objective evidence from the court files with respect to the status of the state's suit at the time that the citizens' suit was commenced and the prospects that the state suit would proceed expeditiously to a final resolution. The court must presume the diligence of the state's prosecution of a defendant absent persuasive evidence that the state has engaged in a pattern of conduct in its prosecution of the defendant that could be considered dilatory, collusive or otherwise in bad faith. Accordingly, the diligence of the state's prosecution of prior environmental suits against other defendants will only rarely be a significant factor in ascertaining the diligence of the state's prosecution of a particular defendant.

Moreover, a federal court ought not to allow a citizens' suit to proceed merely because a prior pending state suit has not alleged as many separate violations of the Act as has the citizens' suit and therefore seeks to impose a less substantial civil penalty on the defendant. The legislative history of the Act states that the federal courts, in deciding whether the defendant in a citizens' suit is already being "diligently prosecuted" by the state,

would be expected to consider the [citizens'] petition against the background of the agency action and could determine that such action would be adequate to justify suspension, dismissal, or consolidation of the citizen petition. On the other hand, if the court viewed the agency action as inadequate, it would have jurisdiction to consider the citizen action notwithstanding any pending agency action.

Federal Water Pollution Control Act Amendments of 1972, S.Rep. No. 414, 92d Cong., 1st Sess., *reprinted in* 1972 U.S. Code Cong. & Ad.News 3668, 3746. It appears to have been the intent of Congress to bar a citizens' suit whenever the same purpose could "adequate[ly]" be achieved by a prior pending state suit regardless of whether the identical violations were asserted or the identical remedy was sought in the two actions.

It is undisputed that an action by the State of Connecticut to enforce the defendant's NPDES permit was pending in the Superior Court of the State of Connecticut at the time that the plaintiffs commenced the instant action. This earlier Superior

Court suit was subsequently withdrawn by the state in consideration of the defendant's payment of a $3,500 fine. A comparison of the pleadings filed in the two actions reveals that both the state in the Superior Court action and the citizen plaintiffs in the federal action sought an injunction requiring the defendant to comply with the conditions of its NPDES permit. *See* Complaint (filed April 23, 1984); Affidavit of Robert J. Cooney (filed June 5, 1984), Exhibit A (complaint in state suit). Consequently, both actions sought "to require compliance with the [same] standard, order or limitation."

Furthermore, the plaintiffs have offered no evidence that the state was not "diligently prosecuting" its own suit at the time that the instant suit was commenced. Indeed, the plaintiffs have not disputed the defendant's contention that the state suit was to have proceeded to trial on an expedited basis had a prior settlement not been achieved by the parties. *See* Memorandum in Support of Motion to Dismiss (filed June 5, 1984) at 2 (stating that the state court suit "has precedence over other actions in the Superior Court" pursuant to C.G.S. § 52–191 and "has now appeared on the court trial list in the Hartford Superior Court").

The mere fact that the settlement reached in the state action was less burdensome to the defendant than the remedy sought in the instant action is not sufficient in itself to overcome the presumption that the state action was diligently prosecuted. Indeed, if the question of "diligent prosecution" were always to depend upon the outcome of the prior pending state suit, a state suit in which the defendant prevailed or reached some compromise with the state could never preclude a subsequent citizens' suit in the federal courts no matter how diligently the state suit had been prosecuted.

Accordingly, the court must presume, based on the absence of any evidence to the contrary in the records of these two cases, that the state's suit to enforce the defendant's NPDES permit was "diligently prosecuted."

It is also significant that the plaintiffs or their members could have moved to intervene in the state action pursuant to C.G.S. § 52–107, which authorizes intervention as of right by "a person not a party [who] has an interest or title which the judgment will affect." Hence, the "diligent prosecution" rule does not preclude the plaintiffs from participating in suits to enforce NPDES permits but merely prevents them from forcing defendants simultaneously to litigate such suits in two different courtrooms. Moreover, there is nothing in the "diligent prosecution" rule that would bar a future citizens' suit if the state suit failed to bring the defendant into compliance with its NPDES permit.

### Conclusion

In sum, the court holds that, because this citizens' suit was commenced at a time when the State of Connecticut was already "diligently prosecuting" an enforcement suit against the defendant "to require compliance with the [same] standard, order or limitation," the defendant's motion to dismiss must be granted and the plaintiffs' motion for partial summary judgment must be denied. Judgment for the defendant shall enter forthwith.

It is so ordered.